UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
IN RE AOL TIME WARNER ERISA          x
LITIGATION                           x          02 Cv. 8853 (SWK)
                                     x
                                     x          **OPINION**
-----------------------------------X

**SHIRLEY WOHL KRAM, U.S.D.J.**

On September 26, 2006, the Court issued an opinion
approving a $100 million class action settlement (the
"Settlement") reached in litigation brought pursuant to the
Employee Retirement Income Security Act of 1974 ("ERISA") by
participants in AOL Time Warner, Inc.'s ("AOLTW")[1] 401(k) defined
contribution plans. See In re AOL Time Warner ERISA Litig., 02
Cv. 8853 (SWK), 2006 WL 2789862 (S.D.N.Y. Sept. 27, 2006). Then,
on October 26, 2007, the Court issued a memorandum opinion
adopting the Report and Recommendation of Special Master David
Pikus and granting incentive awards to each of the three named
plaintiffs, Rita Roberts Hill ("Hill"), Barbara Grant ("Grant")
and Steven Winfield ("Winfield"). See In re AOL Time Warner
ERISA Litig., 02 Cv. 8853 (SWK), 2007 WL 3145111 (S.D.N.Y. Oct.
26, 2007) (the "Award Opinion"). In the Award Opinion, the Court
denied the named plaintiffs' request for incentive awards of
$20,000 each and instead approved awards of $1,000 each for

---

[1] Although defendant AOLTW has changed its name to Time Warner,
Inc., for clarity, the Court will continue to refer to the
merged entity as AOLTW.

named plaintiffs Grant and Hill, and $500 for named plaintiff Winfield. Award Opinion, 2007 WL 3145111, at *4. Named plaintiffs Grant and Hill (the "Appealing Plaintiffs")[2] have appealed this decision to the Second Circuit Court of Appeals. (See In re AOL Time Warner ERISA Litig., 02 Cv. 8853 (SWK), Dkt. No. 102.)

Co-lead counsel for the class—who are also representing the Appealing Plaintiffs on appeal—have subsequently expressed interest in formulating a plan to "facilitate a prompt class distribution while the appeal is pending." (Co-Lead Counsel's Letter, Dec. 3, 2007.) Co-lead counsel have asserted that distributing the Settlement proceeds to the class, while reserving $38,000 to cover the total amount sought by the Appealing Plaintiffs, would be disadvantageous to the class because "a $38,000 set-aside for the appeal would be too small to justify a second distribution and could, at most, be cy preyed for some indirect class member benefit." (Co-Lead Counsel's Letter 1, Jan. 7, 2008.) Additionally, co-lead counsel have represented that the cost of the appeal is likely to exceed $38,000. Co-lead counsel have therefore asked the Court to issue an order authorizing a payment plan, formulated after a meeting

---

[2] As named plaintiff Winfield has not appealed the Court's decision regarding his individual award, the Court uses the term "Appealing Plaintiffs" to refer only to appealing named plaintiffs Grant and Hill.

with the Second Circuit's Staff Counsel's Office, whereby co-lead counsel will pay each Appealing Plaintiff $19,000 in exchange for an agreement to dismiss the appeals. (See Co-Lead Counsel's Letter 1, Jan. 7, 2008.) For the reasons that follow, the Court concludes that it lacks jurisdiction to issue such an order.

## I.   DISCUSSION

### A. The Filing of the Pending Appeal Divested the Court of Jurisdiction

"'The filing of a notice of appeal . . . divests the district court of its control over those aspects of the case involved in the appeal.'" In re World Trade Center Disaster Site Litig., 503 F.3d 167, 169 (2d Cir. 2007) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)) (alteration in original). The divestiture rule, however, "is guided by concerns of efficiency and is not automatic." United States v. Rodgers, 101 F.3d 247, 251 (2d Cir. 1996) (citations omitted). Thus, the filing of a notice of appeal does not prevent the district court from adjudicating "collateral matters." See Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 225 (2d Cir. 2004) (citations omitted).

Although the exact contours of "collateral matters" may remain somewhat blurred, co-lead counsel's current request is distinguishable from other matters that typically remain within

the district court's jurisdiction despite a pending appeal. For instance, the parties here are not seeking a judgment on the merits while appealing a preliminary order. <u>See, e.g.</u>, <u>Motorola Credit Corp. v. Uzan</u>, 388 F.3d 39, 53-54 (2d Cir. 2004) (holding that appeal of order denying arbitration does not divest district court of jurisdiction to try case on merits). In a situation somewhat analogous to the case at hand,[3] the Seventh Circuit held that a pending appeal of a preliminary injunction order does not divest the district court of jurisdiction to dismiss the case as settled. <u>See</u> <u>Shevlin v. Schewe</u>, 809 F.2d 447, 451 (7th Cir. 1987). The <u>Shevlin</u> Court noted that an appeal of that kind does not extinguish the parties' right to settle the underlying case. <u>See</u> <u>id.</u> That decision, however, involved an underlying case that was not yet resolved on the merits. In contrast, the pending appeal is from a final decision on one of the last remaining issues in a case that has already been settled and dismissed. Therefore, although the decision now being appealed did not "determine the entire action," <u>see</u> <u>N.Y. State NOW v. Terry</u>, 886 F.2d 1339, 1350 (2d Cir. 1989) (finding "exception to total divestiture of district court jurisdiction" in such circumstances), it was only because there was no "entire action" left to determine, and thus the Court is not convinced

---

[3] Co-lead counsel's offer to pay the Appealing Plaintiffs in exchange for the dismissal of their appeal constitutes a "settlement" of sorts.

that it has jurisdiction to entertain co-lead counsel's request. Cf. In re Markarian, 228 B.R. 34, 47-48 (B.A.P. 1st Cir. 1998) (holding that district court lacked jurisdiction to approve settlement and dismiss case while appeal was pending); Woodhull v. County of Kent, 04 Cv. 203 (WAM), 2007 U.S. Dist. LEXIS 8039, at *2 (W.D. Mich. Feb. 5, 2007) (implying that order of remand was necessary before district court could approve settlement of claims and dismissal of appeals); Shore v. Parklane Hosiery Co., 74 Cv. 4986 (CSH), 1979 U.S. Dist. LEXIS 14318, at *4 (S.D.N.Y. Feb. 21, 1979) (noting that district court's jurisdiction to approve settlement is unclear pending appeal).

**B. The Exclusive Jurisdiction Clause of the Settlement Agreement Does Not Abrogate the Second Circuit's Appellate Jurisdiction**

Co-lead counsel argue that paragraph 9 of the Court's September 28, 2006 Order and Final Judgment (see 02 Cv. 8853 (SWK), Dkt. No. 84), which reserves the Court's "exclusive jurisdiction" over various disputes concerning the Settlement Agreement, including applications for named plaintiff compensation, provides a basis for jurisdiction over the current request. (See Co-Lead Counsel's Letter 2, Jan. 7, 2008.) An exclusive jurisdiction clause assists the Court in discharging its responsibility to protect the settlement and the settlement class. See, e.g., In re Visa Check/Mastermoney Antitrust Litig., 96 Cv. 5238 (JG), 2006 WL 1025588, at *4 (E.D.N.Y. Mar. 31,

2006) (citation omitted). Nonetheless, although the proposed payment plan might result in a more efficient distribution of the Settlement proceeds, and although co-lead counsel's request broadly implicates named plaintiff compensation, the propriety of an attorney's use of personal funds to pay his client to withdraw an appeal involves neither the enforcement of the Settlement Agreement's terms nor the issuance of a named plaintiff award from Settlement proceeds. Therefore, it is not clear that the exclusive jurisdiction clause would apply to co-lead counsel's proposed payment plan even if the propriety of this Court's incentive awards were not on appeal before the Second Circuit.

Even assuming arguendo that the exclusive jurisdiction clause applies, it must in any event yield to the principle of divestiture. Although an exclusive jurisdiction clause can prevent parties from taking their disputes to other district courts and appellate courts in other circuits, the clause does not dictate the relationship between a district court and the appellate court in its circuit. Cf. DeLoach v. Lorillard Tobacco Co., 391 F.3d 551, 558 (4th Cir. 2004) (holding that exclusive jurisdiction clause does not prevent appellate court from reviewing district court's orders). Moreover, parties cannot expand the jurisdiction of the district court beyond its legal boundaries by contract or other agreement. See, e.g., Brandner

Corp. v. V-Formation, Inc., 75 Fed. Appx. 830, 832 (2d Cir. 2003); Abbott Labs. v. CVS Pharm., Inc., 290 F.3d 854, 857 (7th Cir. 2002). The Court therefore will not construe the exclusive jurisdiction clause to give itself jurisdiction over the instant question.

## II. CONCLUSION

Co-lead counsel have not yet demonstrated that this Court is the appropriate authority to eliminate "any potential ethical concerns" raised by the payment plan (Co-Lead Counsel's Letter 1, Jan. 7, 2008), as co-lead counsel appear to be seeking what is essentially an advisory opinion. Nonetheless, if co-lead counsel continue to believe that this Court is the proper forum for their request, they must seek an order of remand permitting the Court to act on the issue. Co-lead counsel's request for Court authorization of the proposed payment plan is hereby denied.

SO ORDERED.

_____
SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE


Dated:    New York, New York
          January 16, 2008

Corp. v. V-Formation, Inc., 75 Fed. Appx. 830, 832 (2d Cir. 2003); Abbott Labs. v. CVS Pharm., Inc., 290 F.3d 854, 857 (7th Cir. 2002). The Court therefore will not construe the exclusive jurisdiction clause to give itself jurisdiction over the instant question.

## II. CONCLUSION

Co-lead counsel have not yet demonstrated that this Court is the appropriate authority to eliminate "any potential ethical concerns" raised by the payment plan (Co-Lead Counsel's Letter 1, Jan. 7, 2008), as co-lead counsel appear to be seeking what is essentially an advisory opinion. Nonetheless, if co-lead counsel continue to believe that this Court is the proper forum for their request, they must seek an order of remand permitting the Court to act on the issue. Co-lead counsel's request for Court authorization of the proposed payment plan is hereby denied.

SO ORDERED.

SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE

Dated:    New York, New York
          January 16, 2008

7